Argued January 9, affirmed February 13, 1975

FINCH ET UX, *Respondents, v.* MILLER ET UX,
*Defendants,* CREDITHRIFT OF AMERICA,
INC., *Appellant.*

531 P2d 893

272

*Henry J. Bailey III*, Salem, argued the cause for appellant. With him on the brief was Daniel J. Gatti, Salem.

No appearance for respondent.

DENECKE, J.

The legal issue is whether plaintiffs' lien for repairs to Miller's Chevrolet automobile has priority over the prior perfected security interest of the defendant Credithrift in the same automobile.

ORS 79.3100[1] provides that a possessory lien for work on chattels has priority over a previously perfected security interest.[2] ORS 87.100 at the date pertinent to this case provided, in part:

> "* * * The lien of every person as provided in ORS 87.085 [nonpossessory liens for labor on chattels] shall be superior to the rights of the person holding the title to the chattel or any lien thereon antedating the time of the expenditure provided in ORS 87.085 by such lien claimant. However, the lien filed under the provisions of ORS 87.090 [providing for filing notice of lien for nonpossessory liens] shall only have such priority over a chattel mortgage duly recorded prior to the date of the expenditure claimed under the lien during the per-

---

[1] A portion of the Secured Transaction chapter of the Uniform Commercial Code.

[2] ORS 79.3100: "When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

iod the lien claimant retains possession of the chattel; * * *."[9]

Credithrift contends that a security interest perfected before a nonpossessory lien attaches has priority. Assuming this contention is correct, the question remains whether plaintiffs are claiming as nonpossessory or possessory lien claimants. Credithrift admits that if plaintiffs have a possessory lien, they are entitled to prevail under ORS 79.3100, quoted above.

Plaintiffs' complaint alleges that they repaired Miller's car at Miller's request. Plaintiffs further allege:

"* * * On June 7, 1973, the work was completed and on that date David Miller came in and took his vehicle without paying the balance due for the work Plaintiff had performed. Said taking was contrary to the oral agreement then existing between David Miller and Plaintiff regarding the circumstances under which this vehicle would be released to David Miller, and was without the consent of the Plaintiff. * * *."

Credithrift filed a demurrer based upon the ground that the complaint did not state a cause of "action." The demurrer was overruled, Credithrift refused to plead further, and judgment was entered for plaintiffs. With this posture of the proceeding, the facts must be determined from the allegations of plaintiffs' complaint.

The essence of the allegations above quoted is the assertion that Miller took the car "without the consent of the Plaintiff." This fact leads into the next question: Is a possessory lien lost if the chattel is taken from the lienor without the lienor's consent?

[9] This was amended and "duly perfected security interest" was substituted for "chattel mortgage duly recorded." Oregon Laws 1973, ch 54, § 1, pp 101-102.

The only statement of this court on the issue is in dictum in *Yellow Mfg. Accept. Corp. v. Bristol,* 193 Or 24, 41, 236 P2d 939 (1951):

"Priority of a possessory or nonpossessory lien over that of a chattel mortgage is not lost where the property is taken from the actual possession of the lien claimant *without his consent* by force or fraud, or where the property is taken from him involuntarily, as by a replevin action. 53 C.J.S., Liens, 865, § 17 d. (3). * * *."

This dictum states the accepted law. The Comment to § 80(1) of Restatement, Security, at 222, states:

"* * * The lienor, like the pledgee, does not lose his legal interest if he is deprived without his consent of his possession either by the bailor or a third person. * * *."

The author of a comment in 17 Cornell L Q 279, 283, n 23 (1931-1932), states the rule and the reason as follows:

"* * * Possession lost involuntarily does not result in the loss of a lien. It is only where the loss of possession occurs under circumstances that such loss is inconsistent with the claim of a lien. * * *."

The general rule was followed in *General Motors A. Corp. v. Colwell Diesel S. & G., Inc.,* 302 A2d 595 (Me 1973) (Possession lost because of replevin action; held possessory lien not lost.)

■ We hold that the plaintiffs did not lose their possessory lien when Miller took the car from their possession without their consent.

Plaintiffs have confused their position by statements in their prayer. They prayed, "For a decree declaring Plaintiffs' perfected lien represented by the

notice of lien upon chattels * * * to be a valid and subsisting lien" superior to that of Credithrift and for "Plaintiffs' nonpossessory chattel lien to be foreclosed. * * *."

■ Despite frequent statements that the prayer is not part of the complaint, we recognized that the prayer is relevant when it "tend[s] to explain or qualify" other parts of the pleading. *Marsh v. Davidson,* 265 Or 532, 537, 510 P2d 558 (1973).

■ We find, however, that the complaint, including the prayer, states a cause of suit to foreclose and to establish priority for a possessory lien.

In *Lawrence Whse., Inc. v. Best Lbr. Co., Inc.,* 202 Or 77, 84, 271 P2d 661, 273 P2d 993 (1954), we quoted from *Lytle v. Payette-Oregon Irr. Dist.,* 175 Or 276, 293, 152 P2d 934 (1944):

> " '* * * Where it is doubtful upon what theory the pleading is drawn, it should be construed according to that theory which is most consistent with the facts alleged, and allegations not in harmony therewith may be considered as surplusage. * * *.' "

■ The allegation that Miller took the car without consent of the plaintiffs is only relevant to and consistent with the theory that plaintiffs are attempting to foreclose a possessory lien. The inconsistent language in the prayer may be an attempt to claim in the alternative a nonpossessory lien. This does not negate a cause of suit to foreclose a possessory lien.

The trial court was correct in overruling Credithrift's demurrer.

Affirmed.