Argued and submitted February 23, supplemental judgment vacated and remanded April 13, petition for review denied July 26, 2005 (339 Or 66)

Diane D. BRUCE,
*Appellant,*

*v.*

CASCADE COLLECTIONS, INC.,
an Oregon corporation,
*Respondent,*

*and*

GREEN THUMB YARD MAINTENANCE, INC.,
dba Green Thumb Landscaping,
an Oregon corporation,
*Defendant.*

02C-17949; A122369

110 P3d 587

Conrad E. Yunker argued the cause and filed the briefs for appellant. With him on the briefs was Conrad E. Yunker, P.C.

Jeffrey I. Hasson argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega,* Judges.

HASELTON, P. J.

.

---

* Ortega, J., *vice* Richardson, S. J.

## HASELTON, P. J.

Plaintiff appeals from a supplemental judgment, challenging, *inter alia*, the trial court's denial of attorney fees under the federal Fair Credit Reporting Act (FCRA), 15 USC sections 1681 to 1681v, and the court's denial of the costs of computer-assisted legal research. The trial court concluded that (1) plaintiff had failed to adequately plead an entitlement to fees under the FCRA; and (2) in all events, plaintiff's requested fees were so unreasonable as to preclude any award of fees. We disagree with both of those determinations. We further conclude that the trial court's denial of the recovery of computer-assisted research expenses depended on an incorrect legal premise. Accordingly, we vacate the supplemental judgment and remand.

The facts material to our review are undisputed. In September 2002, plaintiff filed her operative first amended complaint. That complaint alleged only one claim for relief against defendant Cascade Collections, Inc.[1] That claim—the first claim for relief—alleged that defendant had "willfully and/or negligently" violated the FCRA's provisions regarding dissemination of consumer credit information in several respects. The two concluding paragraphs of the first claim for relief alleged that plaintiff had suffered both unspecified economic and noneconomic damages as a result of defendant's alleged conduct, but did not refer to any entitlement to attorney fees. However, the prayer of the first amended complaint stated that plaintiff sought judgment

> "[a]gainst Defendant Cascade Collections, Inc., for her actual damages on her First Claim for Relief in the amount of $50,000 economic damages, together with non-economic damages in an amount determined reasonable by a jury but in any event no more than $100,000, together with her costs and expenses of this action *and reasonable attorney fees*[.]"

(Emphasis added.)

Defendant subsequently filed an answer, including affirmative defenses and counterclaims. That answer denied

---

[1] The first amended complaint also alleged three other claims against the other defendant. The content and disposition of those claims is immaterial to our analysis.

the allegations of the first amended complaint that specified violations of the FCRA. In addition, as a first counterclaim, defendant alleged that it was "entitled to its reasonable attorney fees in defending the claim under the Oregon Unlawful Debt Collection Practices Act."[2]

On October 28, 2002, less than a week after filing its answer, defendant made an offer of judgment pursuant to ORCP 54 E, by which defendant offered

"to allow judgment to be given against [defendant] in favor of plaintiff for the sum of $1,250.00, exclusive of costs, disbursements, and attorney fees."

Plaintiff immediately accepted that offer of judgment.

Several rounds of procedural sparring followed. Ultimately, in March 2003, after the original judgment on the offer of judgment had been entered and then vacated, the court entered a form of judgment prepared by defendant's counsel. That judgment directed that

"[It is hereby] ORDERED and ADJUDGED that [plaintiff] have and is awarded Judgment against [defendant] for $1,250.00 together with Plaintiff's reasonable Costs and Disbursements, *including her reasonable attorney fees as may be allowed by the Court.*"

(Emphasis added.)

Plaintiff then filed a statement pursuant to ORCP 68 C(4) for costs and disbursements and attorney fees. The caption of that submission expressly requested that the court render findings of fact.[3] The statement recited that plaintiff's requested entitlement to costs and fees was based on the FCRA and, specifically, "15 USC § 1681a(o)."[4] Plaintiff

---

[2] Defendant's reference to the Oregon Unlawful Debt Collection Practices Act, ORS 646.639 to 646.641, is puzzling. Although the first amended complaint did include a claim under the Oregon statute, that claim was directed solely against the other defendant.

[3] The text of plaintiff's ORCP 68 C statement requested such findings if the court "award[ed] an amount less than" plaintiff had requested.

[4] That citation was erroneous: 15 USC section 1681a(o) does not pertain to attorney fees. However, 15 USC section 1681o(a) does confer such an entitlement:

"Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

sought fees of $3,262.50 for representation on the FCRA claim, as well as costs and disbursements, including $134.57 for "computer research." Plaintiff concurrently filed an "alternative motion" to file a second amended complaint, which differed from the first amended complaint in that it revised one paragraph of the first claim for relief to include an allegation that plaintiff was "entitled to an award of costs and reasonable attorney fees pursuant to 15 USC § 1681o(a)."

Defendant opposed both plaintiff's ORCP 68 C statement and the alternative motion to amend. Defendant asserted, *inter alia*, that (1) plaintiff could not recover prevailing party fees under the FCRA because plaintiff had not adequately pleaded an entitlement to fees in the first amended complaint; (2) plaintiff's alternative motion to amend the complaint after the acceptance of the offer of judgment was untimely; (3) plaintiff's requested fees were unreasonable under the criteria of ORS 20.075(2); (4) the cost of computer research was not recoverable; and (5) the court was not obligated to render findings under ORCP 68 C(4)(c) because "[t]here was no trial in this matter."

The trial court denied both plaintiff's motion to amend and any recovery of attorney fees. With respect to the denial of attorney fees, the court stated:

"(1) The plaintiff did not allege entitlement to attorney fees in her complaint, and the award of same is denied.

"* * * * *

"(3) The request for attorney fees is not reasonable for settlement of a $1250.00 claim."

The court rendered no findings of fact amplifying its alternative rationale that plaintiff's requested fees were not "reasonable." The court also concluded, without explanation, that plaintiff's claimed computer research expenses were not recoverable.

---

"(1) any actual damages sustained by the consumer as a result of the failure; and

"(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

Plaintiff appeals from the ensuing supplemental judgment and raises five assignments of error. Those assignments challenge the trial court's determination that the first amended complaint did not adequately plead an entitlement to fees under the FCRA, the denial of plaintiff's alternative motion to amend, the court's failure to render findings explaining its alternative determination that the requested fees were unreasonable, the denial of computer research expenses, and the inclusion of allegedly extraneous language in the supplemental judgment.

For the reasons that follow, we conclude that plaintiff's first amended complaint adequately pleaded entitlement to attorney fees under the FCRA. Further, to the extent that the trial court's denial of attorney fees was alternatively based on its determination that the requested fees were "not reasonable," that alternative ground was insufficient because the court failed to render findings of fact as required under ORCP 68 C(4)(e) and failed to explain why the alleged unreasonableness of the requested fees would justify the complete denial of any attorney fees. Finally, we conclude that reasonably incurred expenses of computer-assisted legal research are recoverable as a component of attorney fees under the FCRA. Accordingly, we vacate the supplemental judgment and remand.[5]

■ We begin with the sufficiency of plaintiff's pleadings of an entitlement of attorney fees. ORCP 68 C(2)(a) provides:

"A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

■ In assessing compliance with ORCP 68 C(2)(a), we have adopted and adhered to the principle that

"[i]t is not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees, the parties have fairly been

---

[5] That disposition obviates any need to address plaintiff's other assignments of error.

alerted that attorney fees would be sought and no prejudice would result."

*Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990); *see, e.g., Lumbermen's v. Dakota Ventures*, 157 Or App 370, 375, 971 P2d 30 (1998) ("Thus, we look to whether plaintiff was fairly alerted to the fact that attorney fees would be sought [by defendant] and whether the defect in the pleading prejudiced plaintiff."); *Hogue and Hogue*, 118 Or App 89, 92, 846 P2d 422 (1993) ("The correct rule is stated in *Page and Page*[.]"). Indeed, in *Page* itself, we affirmed the award of attorney fees notwithstanding that the prevailing party's request for fees "relied on the wrong statute." *Page*, 103 Or App at 433-34; *cf. St. Sauver and St. Sauver*, 196 Or App 175, 189-90, 100 P3d 1076 (2004) ("Misidentification of the proper attorney fee provision will be treated as harmless error when the facts asserted provide a basis for attorney fees and the affected party is given adequate notice that fees will be sought.").

Here, the allegations of plaintiff's claim for relief under the FCRA—which was plaintiff's sole claim against defendant—asserted the facts that "would provide a basis for an award of fees" under the FCRA. *Page*, 103 Or App at 434. Moreover, although the allegations of the claim for relief itself did not explicitly state that plaintiff was seeking attorney fees, the paragraph of the prayer that describes the relief sought for the FCRA claim did so state. 199 Or App at 61. Thus, defendant was "fairly alerted to the fact that attorney fees would be sought" under the FCRA. *Lumbermen's*, 157 Or App at 375. Finally, defendant was not prejudiced by plaintiff's failure to explicitly invoke a particular fee-generating provision of the FCRA (*viz.*, 15 USC section 1681o(a)) in the allegations of the first claim for relief. Indeed, the form of judgment that defendant's counsel submitted, and the trial court ultimately executed, stated that plaintiff was awarded judgment for her reasonable costs and disbursements, "including her reasonable attorney fees as may be allowed by the Court." *See* 199 Or App at 62.

Defendant's arguments to the contrary are unpersuasive. Defendant asserts that, because "a prayer is not part of the complaint," the fact that the prayer for the FCRA claim

sought attorney fees is insufficient to satisfy the requirement of ORCP 68 C(2)(a) that the basis for fees must be alleged "in a pleading filed by" the party seeking fees. Whatever the abstract correctness of its "prayer" versus "complaint" premise,[6] defendant's argument ignores the analytic framework that *Page* prescribes. That is, under *Page*, the threshold inquiry is whether the pleading adequately alleged the facts that provide the basis for the fee entitlement. Once that prerequisite is satisfied (as it was here), the question becomes one of notice—and, in that regard, it makes no difference under *Page* whether the defendant was "fairly alerted" by the allegations of the first claim for relief or by the content of the prayer describing the relief sought for that claim. *See Little Whale Cove Homeowners Ass'n v. Harmon*, 162 Or App 332, 342-43, 986 P2d 616 (1999) (statements in the defendant's prayer were sufficient to satisfy the "fairly alerted" standard); *accord Lewis v. Dept. of Rev.*, 294 Or 139, 143, 653 P2d 1265 (1992) (noting that, in other cases, "the plaintiffs expressly prayed for an allowance of attorney fees, thus putting the defendants on notice that the success of plaintiffs in the litigation may result in an award of attorney fees to the plaintiffs").

Further, *Mulier v. Johnson*, 332 Or 344, 29 P3d 1104 (2001), which defendant invokes, is materially distinguishable. In *Mulier*, the defendant, without filing an answer, prevailed on a motion for summary judgment. The motion for summary judgment did not allege any entitlement to attorney fees, but the memorandum in support of that motion did claim such an entitlement. 332 Or at 347. The Supreme Court held that the defendant had failed to comply with ORCP 68 C(2)(b) and that that noncompliance was not cured by reference to ORCP 12 B, which provides that the court

---

[6] *See Little Whale Cove Homeowners Ass'n v. Harmon*, 162 Or App 332, 342, 986 P2d 616 (1999) ("Technically, defendant's fee request did not comply with ORCP 68; a request for fees in a prayer is not an allegation under ORCP 68 C."); *cf. Finch v. Miller Credithrift*, 271 Or 271, 275, 531 P2d 892 (1975) ("Despite frequent statements that the prayer is not part of the complaint, we recognize that the prayer is relevant when it 'tend[s] to explain or qualify' other parts of the pleading.") (quoting *Marsh v. Davidson*, 265 Or 532, 537, 510 P2d 558 (1973)); ORCP 13 A (defining "pleadings" as "the written statement by the parties of the facts constituting their respective claims and defenses").

should "disregard any error or defect in the pleadings or proceedings which does not affect the substantive rights of the adverse party." In particular, the court concluded that the defendant's complete failure to allege, or attempt to allege, an entitlement to fees in its summary judgment motion did not constitute an "error or defect in the pleadings" within the meaning of ORCP 12 B and, thus, ORCP 12 B was inapplicable. *Id.* at 349-50 ("Both terms describe acts that fail to achieve or complete something that a person has attempted to do.").

In contrast, the allegations of plaintiff's first claim for relief here represented, at the very least, a "failure to achieve or complete" compliance with the requirements of ORCP 68 C(2)(b). That is, plaintiff *did* allege the facts supporting a fee entitlement under the FCRA and then included the express request for fees in the prayer, but not in the claim itself. Because plaintiff's attempt to comply with ORCP 68 C(2)(b) was manifest, *Mulier* is inapposite.[7]

■     We thus conclude that the trial court erred in denying fees on the ground that the plaintiff had not sufficiently alleged an entitlement to attorney fees. We further conclude that, to the extent that the trial court denied fees on the alternative ground that plaintiff's request was "not reasonable," the court also erred. That is so for two related reasons. First, notwithstanding that plaintiff explicitly requested the court to render findings in accordance with ORCP 68 C(4)(e),[8] the court failed to do so. The court's unadorned observation that the requested amount ($3,262.50) was "not reasonable for

---

[7] Defendant also suggests that plaintiff's failure to correctly cite the pertinent FCRA provision in her ORCP 68 C statement precludes any award of fees. *See* 199 Or App at 62 n 3 (noting that plaintiff's fee statement referred to "15 USC § 1681a(o)" and not to 15 USC § 1681o(a)). Defendant's argument in that regard is incorrect. *See Page,* 103 Or App at 434 (affirming an award of attorney fees notwithstanding that the prevailing party's "written request relied on the wrong statute").

[8] ORCP 68 C(4)(e) provides:

"On the request of a party, the court shall make special findings of fact and state its conclusions of law on the record regarding the issues material to the award or denial of attorney fees. A party shall make a request pursuant to this paragraph by including a request for findings and conclusions in the title of the statement of attorney fees or costs and disbursements or objections filed pursuant to paragraph (a) or (b) of this subsection."

settlement of $1250.00 claim" was inadequate to permit meaningful appellate review. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200 (1996). Second, the trial court did not explain why the alleged unreasonableness of plaintiff's request precluded *any* award of attorney fees. Accordingly, we remand for the trial court to reconsider plaintiff's fee statement and to render findings in accordance with ORCP 68 C(4)(e).

■     We turn, finally, to the trial court's denial of plaintiff's request to recover expenses of computer-assisted legal research. Defendant contends that that denial was correct because computer research is not one of the items of recoverable cost enumerated in ORCP 68 A(2), which provides:

> " 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers and witnesses; the expense of publication of summonses or notices, and the postage where the same are served by mail; any fee charged by the Department of Transportation for providing address information concerning a party served with summons pursuant to subparagraph D(4)(a)(i) of Rule 7; the compensation of referees; the expense of copying of any public record, book, or document admitted into evidence at trial; recordation of any document where recordation is required to give notice of the creation, modification or termination of an interest in real property; a reasonable sum paid a person for executing any bond, recognizance, undertaking, stipulation, or other obligation therein; and any other expense specifically allowed by agreement, by these rules, or by other rule or statute."

Conversely, plaintiff points out that the form "Statement for Attorney Fees," which was appended to the version of the Uniform Trial Court Rules in effect in 2003, listed "computer research" as a recoverable item to the extent that it was "reasonable and necessary and [was] *not* included in the [attorney's] hourly rate[.]" Oregon Rules of Court, 345 (West 2003) (emphasis in original).[9]

---

[9] In addition to "computer research," the form "Statement for Attorney Fees" listed, as potentially recoverable items, the cost of postage and photocopies, long distance telephone charges, and "[i]nvestigator" expenses. Oregon Rules of Court at 345. Effective August 1, 2004, the Supreme Court amended the UTCR's appendix of forms to replace the previous form "Statement for Attorney Fees" with a new form, Form 5.080 (which is also captioned "Statement for Attorney Fees"). *See*

The question of whether computerized legal research is recoverable under Oregon law either as an item of cost or as a component of attorney fees appears to be unresolved by any published decision. Nor will it be resolved here. That is so because, notwithstanding the parties' preoccupation with Oregon law, the proper inquiry in this case is whether computer-assisted legal research is a recoverable expense under the FCRA and, particularly, 15 USC section 1681o(a)(2).

Section 1681o(a)(2) confers an entitlement to recover "the costs of an action together with reasonable attorney fees as determined by the court." No reported decision addresses the recoverability under the FCRA of the expense of computerized legal research.[10] However, other courts have addressed that question with respect to other federal statutory schemes that include similar provisions for the recovery of attorney fees and other costs of litigation. There is a three-way split of authority.

First, decisions from two federal courts of appeals, the Third and Tenth circuits, have treated computerized

---

Order Adopting Amendments to the Uniform Trial Court Rules, Chief Justice Order No. 04-019 (Apr 29, 2004), Oregon Appellate Advance Sheets No. 14 (June 7, 2004) at A-3. In lieu of the previous form's listing of specific items, paragraph 3 of Form 5.080 states:

"Plaintiff/Respondent is entitled to the recovery of $_____ for costs as authorized by _____ (cite ORCP 68 A(2) and/or other authority). As explained in Exhibit _____ , such costs are billed directly to the client and are not overhead expenses already reflected in the hourly rate or fee."

In proposing the change in forms, the UTCR Committee explained:

"The [previous] form may not be consistent with ORS 20.075, new case law, and ORCP 68 A(2). Costs that are not statutorily authorized should not be included in the form. The form may not do a good job of providing useful information."

Notice Seeking Public Comment on Proposed UTCR Changes for 2004, Oregon Appellate Court Advance Sheets No. 1 at [A-21] (Jan 5, 2004).

[10] *But see Sheffer v. Experian Information Solutions, Inc.*, 290 F Supp 2d 538 (ED Pa 2003) (stating, without clarification as to whether it was construing the FCRA attorney fee provision or the cost allowance provision of 28 USC section 1920, that "[c]osts for access to computer-based legal research are not statutorily authorized and are presumably included in overhead and subsumed within [the attorney's] hourly fee"). *Sheffer* does not refer to, much less attempt to reconcile, Third Circuit precedent that generally authorizes the recovery of the expense of computer-assisted legal research as a taxable cost. *See Wehr v. Burroughs Corp.*, 619 F2d 276, 285 (3d Cir 1980).

research expenses as a recoverable item of cost. *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F3d 1243, 1257-59 (10th Cir 1998) (affirming the trial court's partial award of Westlaw expenses, which rejected as unreasonable those Westlaw charges that were not differentiated and identifiable to issues in the litigation); *Wehr v. Burroughs Corp.*, 619 F2d 276, 285 (3d Cir 1980) ("Use of computer-aided legal research such as LEXIS, or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice.").

Second, the Seventh Circuit has adopted the position that (1) the expense of computerized legal research is not recoverable as an item of "taxable costs" under Rule 54 of the Federal Rules of Civil Procedure and 28 USC section 1920;[11] but (2) in cases involving entitlement to attorney fees, that expense is recoverable as a component of attorney fees. *Haroco, Inc. v. American Nat'l Bank and Trust Co.*, 38 F3d 1429, 1440-41 (7th Cir 1994) is exemplary:

> "Computerized legal research involves an attorney sitting down in front of a computer and researching legal issues by searching through a database which now includes almost every resource one would find in the country's largest law libraries. In addition to the attorney charging the client for the time he or she spends doing this research, the companies that offer the computerized legal research services also charge a fee. Theoretically, even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to do the research more quickly and efficiently. If this research had been done manually by an attorney sitting in the library reading through books rather than sitting before a computer screen, nobody would dispute that the attendant fees would be properly classified as attorney's fees and not costs.

> "Recognizing this, we have previously held that computer research costs 'are more akin to awards under attorney's fees provisions than under costs.' *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). In

---

[11] *See also Duckworth v. Whisenant*, 97 F3d 1393, 1399 (11th Cir 1996) ("Plaintiff's affidavits appear to include costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees, which are clearly nonrecoverable.").

fact[,] such costs are indeed to be considered attorney's fees. The added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching. Therefore, we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee. In both cases[,] the total costs are attorney's fees and may not be recovered as 'costs.' "

*Accord Direct TV, Inc. v. Christomos*, 2004 WL 2110700, at *3 (D Or 2004) (citing *Haroco* with approval: "Because computerized legal research normally saves attorney time, courts generally consider the cost an attorney fee, and not a taxable cost.").

Third, the Eighth Circuit has adopted the view that on-line costs of legal research must be "factored into" attorneys' hourly rates and, if not so "blended," are not recoverable. *See Stanley v. Chilhowee R-IV School Dist.*, 5 F3d 319, 325 (8th Cir 1993) ("[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award."). *But see Emmenegger v. Bull Moose Tube Co.*, 33 F Supp 2d 1127, 1137 (ED Mo 1998) ("*Stanley*'s holding that counsel must simply raise their hourly rates across the board if they wish to recover this expense ignores the marketplace decision made by law firms that they should only charge [computer-assisted legal research] expenses to those clients and matters [that] incurred the out-of-pocket expense.").

We believe that the Seventh Circuit's rationale, as expressed in *Haroco, Inc.*, most closely accords with the remedial purpose of statutory fee entitlements. When properly utilized, computerized legal research efficiently reduces the time that the prevailing party's attorney would have otherwise devoted to the litigation. In that respect, such expenses are qualitatively and functionally different from other expenses of litigation. Conversely, in cases involving statutory fee entitlements, an approach denying any recovery of computer-related expense would create an incongruous

"win/win" result for the *nonprevailing* party—*i.e.*, the prevailing party would bear the cost of measures that actually reduced the nonprevailing party's fee exposure.

We thus conclude that reasonably incurred expenses of computer-assisted legal research are a recoverable component of attorney fees under 15 USC section 1681o(a). That conclusion is, in turn, somewhat procedurally problematic because, as noted above, although plaintiff sought to recover those expenses as "costs" pursuant to ORCP 68 A(2), the construction of ORCP 68 A(2) is not properly before us in these circumstances. *See* 199 Or App at 69. Given that procedural posture, either affirmance or reversal of the trial court's ruling regarding the recoverability of computerized research expenses is problematic. Rather—and particularly given that we are remanding for reconsideration of the denial of attorney fees, *see* 199 Or App at 68—the best disposition is to vacate the supplemental judgment in its entirety, permitting the trial court on remand to reconsider its denial of computer research expenses in light of any additional arguments and amendments to the petition that the court elects to entertain.

Supplemental judgment vacated and remanded.