***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted November 9, affirmed December 7, 2022

Ross Saxon SILVER,
*Petitioner-Respondent,*

*v.*

Emily Claire SILVER,
*Respondent-Appellant.*

Deschutes County Circuit Court
20CN04597; A176669

Alicia N. Sykora, Judge.

Richard D. Cohen argued the cause and filed the briefs for appellant.

Michael H. McGean argued the cause for respondent. Also on the brief were Francis Hansen & Martin LLP and Sarah E. Harlos.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Mother appeals from a judgment of remedial contempt finding that she knowingly and voluntarily failed to comply with a temporary parenting-time order requiring her to keep "Timex Family Connect Watches"—"smart watches"—charged, turned on, and available to the parties' children so that the children could communicate with father between the hours of 6:00 and 7:00 p.m. on the days when the children were in her care. Mother does not dispute the finding of contempt but contends that the sanction imposed by the trial court was, in fact, punitive rather than remedial, and that the judgment of contempt should therefore be reversed, because the procedures for punitive contempt set out in ORS 33.055 were not followed. We reject mother's contentions and affirm.

The underlying procedural facts are undisputed. In a motion for an order to show cause, father asked the court to order mother to comply with its temporary parenting time order and impose a monetary remedial sanction requiring mother to pay father's attorney fees and costs incurred in seeking to enforce the temporary parenting time order. Mother responded with a motion to dismiss, contending that there was no contempt and that the contempt proceeding had been improperly initiated. At a hearing on the motion, mother asserted that the requested sanction was punitive and that the court therefore should dismiss father's motion for lack of "jurisdiction."

The trial court determined that mother was in contempt for failure to keep the smart watches charged. The court entered a judgment of remedial contempt and imposed a sanction of attorney fees and costs, the amount of attorney fees to be determined pursuant to ORCP 68.

On appeal, mother does not challenge the trial court's finding of contempt but assigns error to the trial court's denial of her motion to dismiss for lack of jurisdiction. She contends in her argument on her first assignment of error that what distinguishes remedial and punitive contempt is the form of sanction:

"A remedial sanction is one that takes effect to counter contempt behavior that occurs from the date of the contempt

order forward. Punitive fines, or sanctions, are plainly for past misconduct or contempt, and remedial fines and sanctions are for continuing contempt."

Mother argues that, because the sanction of an award of attorney fees sought by father is a "punishment" for past behavior, the sanction is necessarily punitive, which gives rise to procedural requirements that were not adhered to here. *See* ORS 33.065(2) (limiting who may initiate a proceeding for punitive contempt to a city attorney, a district attorney, or the attorney general). Thus, mother asserts, the trial court lacked "jurisdiction" of the proceeding.

Mother is incorrect; attorney fees are statutorily authorized as a sanction for remedial contempt. ORS 33.015(4) defines a remedial sanction:

"'Remedial sanction' means a sanction imposed to terminate a continuing contempt of court or to compensate for injury, damage or costs resulting from a past or continuing contempt of court."

Additionally, ORS 33.105(1)(e) provides that a remedial sanction includes:

"Payment of all or part of any attorney fees incurred by a party as the result of a contempt of court."

ORS 33.105(1)(e) explicitly authorizes an award of attorney fees as a sanction for remedial contempt. *See OEA v. Oregon Taxpayers United*, 227 Or App 37, 54, 204 P3d 855 (2009) (holding that ORS 33.105(1)(e) expressly authorizes attorney fees as a sanction for remedial contempt); *St. Sauver and St. Sauver*, 196 Or App 175, 189, 100 P3d 1076 (2004) (ORS 33.105(1)(e) entitles the prevailing party in a contempt proceeding in a dissolution action to recover attorney fees).

Mother argues that, if and to the extent that such a sanction is statutorily authorized, it is punitive, because it is unconditional and does not allow the contemnor to remediate through current and future behavior, and, further, that it cannot be sustained in the absence of constitutional due process protections such as those required in the context of a punitive contempt. Mother has not preserved or developed her constitutional argument so as to allow us to address it.

        In her second assignment, mother contends that the motion for an order to show cause was "deficient in form," in that it did not comply with ORS 33.055(5)(a)[1] or Uniform Trial Court Rule 19.020,[2] because it did not inform mother of the amount of the attorney fee that was being requested as a sanction. We have reviewed the record and conclude that mother's argument is not preserved. We reject mother's suggestion that we exercise our discretion to consider it as plain error.

        Affirmed.

---

[1] ORS 33.055(5)(a) provides:

    "The court may issue an order directing the defendant to appear. Except as otherwise provided in paragraph (b) of this subsection, the defendant shall be personally served with the order to appear in the manner provided in ORCP 7 and 9."

[2] UTCR 19.020(1)(b) requires that the initiating instrument state the "maximum sanction(s) that the party seeks," whether the party seeks a sanction of confinement, and whether the party considers the sanction remedial or punitive.