Argued and submitted July 11, reversed December 27, 2006

In the Matter of the Adoption of
Tresha Quynhgiao Le, aka Tresha Quynh Giao Le.

Thao Ngoc NGUYEN,
*Appellant,*

*v.*

Thuy Chi McGRAW,
*Respondent.*

0209-71263; A130389

149 P3d 1273

Mark Kramer argued the cause for appellant. With him on the brief was Kramer & Associates.

Anthony A. Buccino argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, Linder and Rosenblum,* Judges.

ARMSTRONG, P. J.

---

* Rosenblum, J., *vice* Richardson, S. J.

## ARMSTRONG, P. J.

The aunt of an adopted child appeals a supplemental judgment in an adoption case in which the trial court awarded attorney fees and costs to the adoptive mother. Aunt contends that the trial court erred in awarding attorney fees to mother. We agree and reverse.

Both aunt and mother sought to adopt child. The court entered a judgment that made mother the parent of the child and gave aunt the right to visit child "for no less than five (5) hours per week, with time expanding as the child matures."

Eighteen months after the court entered the judgment, aunt filed three motions in the adoption case that sought to (1) hold mother in contempt for violating the visitation provision in the judgment; (2) modify the visitation provision to give aunt more visitation time; and (3) require the parties to participate in another visitation study. The court issued show cause orders in response to the motions, and mother filed a separate answer for each order. Mother included a claim for attorney fees only in the answer that she filed in the contempt matter. She did not identify in her answer a statute or rule as a basis for such an award.

The court ultimately denied the relief that aunt sought. Mother then filed a petition under ORCP 68 for an award of attorney fees and costs, to which aunt filed objections. The court generally overruled aunt's objections and awarded mother $5,000 in attorney fees in the supplemental judgment from which aunt appeals. The court based its award on ORS 20.105(1), which provides that

> "the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court * * * that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

Among her arguments on appeal against the attorney fee award, aunt contends that mother failed to plead the

basis upon which she sought an award of attorney fees, as required by ORCP 68 C(2)(a).[1] Aunt asserts that, because mother failed to plead the basis for such an award, the trial court did not have authority to award attorney fees to mother. Mother contends that the allegations in her answer denying that she was in contempt and alleging that she had complied with the court order were sufficient to constitute allegations as to the basis for the award of attorney fees that she sought. She further argues that the parties understood throughout the proceedings that mother sought fees under ORS 20.105. We agree with aunt.

ORCP 68 C(2)(a) provides, in part, that

> "[a] party seeking attorneys fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

We have held that "[t]he requirement that the party seeking fees state the 'facts, statute or rule' that provides a basis for a fee award is mandatory." *Cramblit v. Diamond B Constructors*, 197 Or App 358, 371, 105 P3d 906 (2005); *see also Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001). Identifying the precise statutory basis for an award of attorney fees is not necessary "when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result." *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990). However, those facts "must clearly and explicitly indicate a party's entitlement to fees." *Cramblit*, 197 Or App at 371 (suggesting that a recognizable relationship between the facts asserted and the entitlement to attorney fees must exist).

We have recognized that the stringent requirements of ORCP 68 C(2)(a) may be "tempered by ORCP 12 B, which directs the court to 'disregard any error or defect in the pleadings or proceedings which does not affect the substantial

---

[1] Aunt made other arguments on appeal against the award. Because we agree with aunt that mother failed to satisfy the pleading requirement in ORCP 68 C(2)(a) for an award of fees, we do not discuss aunt's other arguments.

rights of the adverse party.' " *Lumbermen's v. Dakota Ventures*, 157 Or App 370, 375, 971 P2d 430 (1998). However, ORCP 12 B does not operate to excuse a party from failing to provide adequate notice to an adverse party of the basis for an award of fees. *Id.*

Here, mother's answer identified no rule or statute as a source of authority for an award of attorney fees, so we must look to the facts alleged in the answer to determine if they are sufficient to "clearly and explicitly indicate a party's entitlement to fees." The answer denies that mother is in contempt, alleges that she has complied with the court order, and requests attorney fees. Mother contends that her denial that she was in contempt can be understood to constitute an allegation that aunt did not have an objectively reasonable basis for her claim that mother was in contempt. She also argues that both parties understood throughout the proceedings that ORS 20.105 was the basis for mother's attorney fee request. We disagree with mother on both points.

First, mother's denial in her answer that she had violated the court's order cannot be understood to constitute an allegation that aunt had no objectively reasonable basis to have alleged that mother had violated the order. To conclude otherwise would mean that every pleading that denied a claim and requested an award of attorney fees would allege a right to an award of fees under ORS 20.105. That would eviscerate the pleading requirement in ORCP 68 C(2)(a) for a claim for fees under ORS 20.105.

Second, nothing in the record supports mother's assertion that aunt understood that mother was seeking an award of attorney fees under ORS 20.105. Mother claims that *Bruce v. Cascade Collections, Inc.*, 199 Or App 59, 110 P3d 587 (2005), supports her position, but it does not. In *Bruce*, we upheld an award of attorney fees even though the party who was awarded the fees had identified the wrong statute as the basis for them. The party who sought the fees claimed entitlement to them under the Fair Credit Reporting Act (FCRA) but listed the wrong FCRA statute as authority for the award. *Bruce*, 199 Or App at 64. We held that the citation to an erroneous statute was harmless because the adverse party was on notice that attorney fees were being sought

under FCRA and sufficient facts to support a claim for attorney fees under FCRA were alleged in the complaint. *Id.* at 65. This case is easily distinguishable from *Bruce,* because mother did not identify any statute as a basis for an award of fees nor allege any facts by which to identify such a statute. Therefore, aunt was not on notice as to which statute mother was claiming as a basis for an award of attorney fees.

In summary, mother did not plead a basis for an award of attorney fees as required by ORCP 68 C(2)(a). Hence, the trial court did not have the authority to award attorney fees to mother.

Reversed.