Argued and submitted February 28, award of attorney fees reversed; otherwise affirmed May 2, 2007

Steven L. SWARTSLEY,
*Plaintiff-Appellant,*

*v.*

CAL-WESTERN RECONVEYANCE CORPORATION,
*Defendant-Respondent.*

Jackson County Circuit Court
030708L2; A131150

157 P3d 1260

Edward H. Talmadge argued the cause for appellant. With him on the briefs were Thomas F. Armosino and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore, P.C.

William F. McDonald and Pite Duncan & Melmet, LLP, California, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff appeals, challenging a summary judgment entered in favor of defendant in this action for breach of contract, violation of ORS 86.753 (concerning foreclosures on trust deeds), and violation of ORS 646.608 (unlawful trade practices). Plaintiff asserts that the trial court erred in (1) setting aside a prior default judgment entered against defendant in this action, (2) granting defendant's motion for summary judgment, and (3) awarding defendant attorney fees. We reject without discussion plaintiff's first two challenges. However, we agree with plaintiff that defendant failed to adequately plead an entitlement to attorney fees as required under ORCP 68 C(2)(a). Consequently, we reverse the award of attorney fees to defendant.

The material facts are uncontroverted. This dispute arose out of defendant's acceptance of funds from a third party to cure a default on a trust deed, precluding a foreclosure sale. As noted, plaintiff's claims were for breach of contract and for violation of several Oregon statutes. In his complaint, plaintiff alleged that, because of defendant's alleged improper acceptance of the tendered funds, he had incurred damages, including "$10,000.00 representing plaintiff's attorney fees incurred in resolving the default of the underlying Trust Deed." Thus, plaintiff sought to recover *as damages* his attorney fees that had been incurred in resolving the matter that precipitated this litigation.[1] However, plaintiff did not allege any entitlement to attorney fees incurred in this proceeding, much less plead any basis, contractual or statutory, for such an award of fees.

In its answer, defendant raised numerous defenses and sought "an award on behalf of this answering Defendant for its attorney fees and costs in an amount according to proof." However, defendant's answer did not allege any

---

[1] A rough, but approximate, analogy would be to a complaint for wrongful initiation of civil proceedings in which the plaintiff seeks to recover, as an element of damages, his or her attorney fees incurred as costs of defense in the predicate proceeding. *See, e.g., Portland Trailer & Equipment v. A-1 Freeman Moving*, 166 Or App 651, 655, 5 P3d 604, *adh'd to as modified on recons*, 168 Or App 654, 4 P3d 741 (2000) (attorney fee incurred as result of wrongful initiation of prior civil proceeding sought as economic damages).

"facts, statute or rule that provides a basis for" such an award of attorney fees. ORCP 68 C(2)(a). Neither plaintiff's complaint nor defendant's answer contained allegations concerning or identifying any contractual provision entitling any party to recover attorney fees.

After summary judgment was entered in defendant's favor, defendant moved for an award of attorney fees pursuant to ORCP 68, asserting that it was entitled to recover its attorney fees "pursuant to the Deed of Trust." Plaintiff objected, contending that defendant had not, under ORCP 68 C(2)(a), pleaded any entitlement to attorney fees. ORCP 68 C(2)(a) provides:

> "A party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

In particular, plaintiff noted that he had not alleged an entitlement to attorney fees in his claims and that defendant had not alleged in its answer that the trust deed contained a clause that entitled it to attorney fees in this action.

The trial court determined that the trust deed authorized an award of attorney fees. Further, relying on *Little Whale Cove Homeowners Assoc. v. Harmon*, 162 Or App 332, 986 P2d 616 (1999), the court determined that defendant had adequately pleaded its entitlement to such fees in its answer. Consequently, the court awarded defendant attorney fees of $15,084.37.

On appeal, plaintiff reiterates his argument that defendant did not adequately plead its entitlement to attorney fees. We agree.

We begin with the *Little Whale Cove Homeowners Assoc.* case, which the trial court invoked. In *Little Whale Cove Homeowners Assoc.*, the plaintiff, a homeowners association, initiated an action to foreclose on a lien on the defendants' property. 162 Or App at 335. The dispute concerned whether the defendants had violated certain covenants, codes, and restrictions (CC&Rs), which contained a provision

that specifically provided for recovery of attorney fees in actions to foreclose liens. In its pleading, the plaintiff alleged that it was entitled to recover fees pursuant to that provision of the CC&Rs. In their answer, the defendants alleged in two counterclaims that they were entitled to attorney fees under the CC&Rs—and further specifically requested attorney fees if they prevailed on the plaintiff's lien foreclosure claim. *Id.* at 340.

The trial court granted the plaintiff's pretrial motion to strike the defendants' allegations concerning entitlement to attorney fees. Ultimately, the trial court granted the defendants' motion for summary judgment, and the plaintiff appealed. The defendants cross-appealed, assigning error to the adverse attorney fee ruling.

We reversed on the defendants' cross-appeal. Before addressing their substantive entitlement to attorney fees, we first considered whether the defendants' request for attorney fees in their prayer for relief satisfied the requirements of ORCP 68 C(2). 162 Or App at 342-43. We noted that, "[t]echnically, defendants' fee request did not comply with ORCP 68 C" because the request for fees was in the prayer and, thus, was not in an "allegation." *Id.* at 342. However, we further noted that such a defect might be disregarded, stating that we have "look[ed] to whether [the party from whom fees are ultimately sought] was fairly alerted to the fact that attorney fees would be sought and whether the defect in the pleading prejudiced [that party]." *Id.* (internal quotation marks omitted; bracketed text in original). We concluded:

> "In this case, plaintiff pled that it was entitled to fees under the CC&Rs if it prevailed on its lien foreclosure claim, and the prayer in defendants' amended answer specifically put plaintiff on notice that defendants intended to seek fees if they prevailed on plaintiff's claim. *Compare Lewis v. Dept. of Rev.*, 294 Or 139, 143, 653 P2d 1265 (1982) (recognizing that a prayer specifically requesting attorney fees puts the other party on notice) *with McNeely v. Hiatt*, 138 Or App 434, 443, 909 P2d 191 (1996) (general prayer for 'further relief as the court may deem equitable and just' insufficient basis for later seeking fees). Not only does defendants' request in the prayer satisfy the standard we announced in *Lumbermen's* [*v. Dakota Ventures*, 157 Or

App 370, 375, 971 P2d 430 (1998)], but our decision in *Domingo v. Anderson*, 138 Or App 521, 527, 910 P2d 402 (1996), *rev'd in part on other grounds*, 325 Or 385, 938 P2d 206 (1997), confirms that the request in defendants' prayer was sufficient."

162 Or App at 342 (footnote omitted).

Thus, *Little Whale Cove Homeowners Assoc.* stands for the proposition that a defendant who pleads a generic entitlement to attorney fees in defending against a claim in which the plaintiff alleged a contractual entitlement to attorney fees has sufficiently put the plaintiff on notice that the defendant is seeking fees under the same contractual provision that the plaintiff invoked. Conversely, we have held that ORCP 68 C(2)(a) is not satisfied where a pleading includes a request for attorney fees but does not disclose any discernible source for such an entitlement. *See Nguyen v. McGraw*, 210 Or App 192, 194, 149 P3d 1273 (2006).

In *Nguyen*, an adoption case, after the trial court had entered the original judgment permitting an aunt to visit the adopted child, the aunt moved to modify the judgment to allow more visitation time and to hold the mother in contempt. The mother, in her answer, denied that she was in contempt and included a claim for attorney fees. *Id.* at 194-95. The court overruled the aunt's objections and, in a supplemental judgment, awarded the mother attorney fees pursuant to ORS 20.105(1) ("no objectively reasonable basis for asserting the claim"). *Id.*

The aunt appealed, arguing that the mother had failed to plead the source of an entitlement to attorney fees. We reversed:

"Here, mother's answer identified no rule or statute as a source of authority for an award of attorney fees, so we must look to the facts alleged in the answer to determine if they are sufficient to 'clearly and explicitly indicate a party's entitlement to fees.' [*Cramblit v. Diamond B Constructors*, 197 Or App 358, 371, 105 P3d 906 (2005).] The answer denies that mother is in contempt, alleges that she has complied with the court order, and requests attorney fees. Mother contends that her denial that she was in contempt can be understood to constitute an allegation that

> aunt did not have an objectively reasonable basis for her
> claim that mother was in contempt."

*Nguyen*, 210 Or App at 196. We rejected the mother's argument, noting that to read the pleadings in that manner would mean that every pleading that denied a claim and requested attorney fees would be cognizable under ORS 20.105 and would eviscerate the pleading requirement of ORCP 68 C(2). *Id.*

In so holding, we also emphasized that the circumstances in *Nguyen* were materially distinguishable from those in *Bruce v. Cascade Collections, Inc.*, 199 Or App 59, 110 P3d 587, *rev den*, 339 Or 66 (2005). In *Bruce*, we upheld an award of attorney fees despite the fact that the party seeking them had alleged the wrong section of the Fair Credit Reporting Act (FCRA) as a source of the fee entitlement. *Id.* at 64-67. In *Bruce*, we emphasized that, although the plaintiff had not specifically cited the FCRA's attorney fee provision in her pleadings, the defendant was " 'fairly alerted to the fact that attorney fees would be sought' under the FCRA" because the "paragraph of the prayer that describes the relief sought for the FCRA claim did so state." *Id.* at 65 (quoting *Lumbermen's*, 157 Or App at 375). In *Nguyen*, by contrast, the pleading in question "did not identify any statute as a basis for an award of fees nor allege any facts by which to identify such a statute." 210 Or App at 197.

Against that backdrop, we return to this case. This case is materially distinguishable from *Little Whale Cove Homeowners Assoc.* There, the initial pleading clearly alleged a right to attorney fees under a specific contractual provision, and the defendant's prayer for relief sought attorney fees for defending against that particular claim. Here, by contrast, neither plaintiff's complaint nor defendant's answer indicated that the trust deed that served as the basis for plaintiff's breach of contract claim contained a provision entitling any party to attorney fees.

Further, we reject defendant's suggestion that, although plaintiff did not plead an entitlement to attorney fees incurred in this action, plaintiff's efforts to recover as *consequential damages* his previously incurred fees—*i.e.*, the amounts paid to his attorney in connection with the matter

that precipitated this litigation—serves the same purpose. There is no functional equivalency. If plaintiff had, in his contractual or statutory claims, pleaded an entitlement to fees incurred in litigating this action, defendant's position would be well taken. *See, e.g., Little Whale Cove Homeowners Assoc.*, 162 Or App at 342. But that did not occur here. An allegation that damages are sought for previously incurred attorney fees is not an allegation that a party has a statutory or contractual entitlement to attorney fees incurred in the course of litigation.

Finally, this is not a situation in which a source of an entitlement to attorney fees can be gleaned from the facts pleaded either by plaintiff or defendant, as was the case in *Bruce*, where the pleadings revealed that the parties clearly were aware that the action was brought pursuant to a statute, the FCRA, that contained an attorney fee provision, and the plaintiff explicitly sought attorney fees on that statutory claim. Here, although plaintiff sought previously incurred attorney fees as an element of damages, and defendant's prayer sought attorney fees incurred in defending this action, none of the pleadings sufficiently "allege the facts, statute or rule that provides a basis for the award" of attorney fees incurred in *this* case. ORCP 68 C(2)(a); *accord Cramblit*, 197 Or App at 371 (reversing award of attorney fees where no facts were alleged that "clearly and explicitly indicate a party's entitlement to fees").

Award of attorney fees reversed; otherwise affirmed.