Submitted August 6, 2010, on appeal, award of attorney fees in the supplemental judgment reversed; otherwise affirmed; cross-appeal dismissed as moot
March 23, 2011

Gregory A. PARROTT
and Myra L. Parrott,
husband and wife,
*Plaintiffs-Appellants*
*Cross-Respondents,*

*v.*

Dina ORLOVA,
*Defendant-Respondent*
*Cross-Appellant.*

Lincoln County Circuit Court
063623; A137562

250 P3d 973

George W. Kelly filed the briefs for appellants.

Dina Orlova filed the briefs *pro se.*

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Plaintiffs appeal from a general judgment dismissing their claim against defendant for enforcement of a restrictive covenant and a supplemental judgment awarding defendant attorney fees under ORS 20.105(1). Defendant cross-appeals from the supplemental judgment, arguing that the trial court erred by not awarding her the full amount of attorney fees requested. We affirm the dismissal without discussion and write only to address the attorney fee issue. Our reversal of the attorney fee award renders defendant's cross-appeal moot.

Plaintiffs' complaint alleged that defendant constructed her home in violation of restrictive covenants to which both neighboring parties' properties were subject. Defendant filed an answer that denied all of plaintiffs' claims but made no mention of attorney fees. After a bench trial, the court ruled in defendant's favor. The court later concluded that "[t]here is no objectively reasonable basis for the assertion of Plaintiffs' claim for loss of view."

Defendant then moved for attorney fees under ORS 20.105(1), which provides, in part:

"[T]he court shall award reasonable attorney fees to a party against whom a claim * * * is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim * * * upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim * * *."

After a hearing, the court granted defendant's motion and awarded her $50,000 in attorney fees in a supplemental judgment.

On appeal, plaintiffs contend that defendant failed to plead attorney fees as required by ORCP 68 C(2)(a).[1] That rule provides, in part:

---

[1] Plaintiffs also argue that the court erred in awarding attorney fees by concluding that there was no objectively reasonable basis for the assertion of plaintiffs' claims. Because we conclude that defendant failed to satisfy ORCP 68 C(2)(a), we do not consider this alternative ground for reversal.

"[A] party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

The requirements of ORCP 68 C(2)(a) are mandatory. *Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001). A party must identify the statutory basis for an award, unless the facts asserted provide " 'a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result.' " *Nguyen v. McGraw*, 210 Or App 192, 195, 149 P3d 1273 (2006) (quoting *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990)).

Here, defendant made no mention of attorney fees in her answer, nor did she cite the statute, ORS 20.105(1), or any facts that would support an award under that statute. Thus, despite defendant's post-trial motion, plaintiffs were not sufficiently on notice that attorney fees would be requested. *See Nguyen*, 210 Or App at 195-97. It follows that the trial court had no authority upon which to award attorney fees to defendant.

On appeal, award of attorney fees in the supplemental judgment reversed; otherwise affirmed. Cross-appeal dismissed as moot.