Submitted January 6, award of attorney fees in general and supplemental judgments reversed; otherwise affirmed March 28, 2012

Derek ANDERSON;
Kari Anderson; Ben Kalny; Valerie Kalny;
Jerson F. Andrade; Robert F. Beier; Mary Louise Beier;
Mark Bindenagel; Therese Bindenagel;
Roger Buck; Jacalynn Buck; Anna Christo; Chad Couch;
G.A.C.S., Inc.,
a Texas corporation;
Joel Dulaney; David Duvall; Sandra Duvall;
W.T.R., Inc.,
a Colorado Corporation;
Allan Walts; and Marsha Walts,
*Plaintiffs-Respondents,*

*v.*

DRY CLEANING TO-YOUR-DOOR, INC.,
an Oregon corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
090404565; A145224

275 P3d 181

Julia E. Markley, Michael H. Simon, and Perkins Coie LLP filed the briefs for appellant.

Scott Leonard, Law Offices of Scott Leonard, LLC, Kevin D. Allen, Penny T. Platnick, and Allen & Vellone, P.C., filed the brief for respondents.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals after the trial court awarded plaintiffs $115,980 in attorney fees in this remedial contempt proceeding. ORS 33.055. Defendant argues that the trial court erred in awarding those fees, because plaintiffs neither alleged such a right in any pleading or motion as required by ORCP 68 C(2), nor otherwise alerted defendant that they would be seeking attorney fees, and plaintiffs have no substantive right to recover attorney fees in that proceeding. Defendant also challenges the amount of attorney fees awarded to plaintiffs and the trial court's failure to address defendant's objections or make any findings in support of that award. We conclude that the trial court lacked authority to award plaintiffs' attorney fees, and we therefore reverse the award of attorney fees.

The material facts are undisputed. Plaintiffs are former franchisees of defendant's dry cleaning pickup and delivery service business, Dry Cleaning To-Your-Door, Inc. Plaintiffs initiated an arbitration proceeding in Florida against defendant pursuant to the franchise agreements between the parties, and the arbitrator allowed plaintiffs to terminate their contractual franchise relationships with defendant subject to particular terms. Plaintiffs then petitioned the circuit court in Oregon to confirm the arbitrator's decision pursuant to the Oregon Arbitration Act, ORS 36.700, which the court did.[1] The general judgments contain a noncompetition provision taken from the arbitrator's decision.

Defendant subsequently initiated this contempt proceeding against plaintiffs, pursuant to ORS 33.055, for allegedly violating the noncompetition provision in the 2009 general judgments. Plaintiffs filed a response to defendant's motion to show cause and submitted a hearing brief, neither of which asserted a right to attorney fees nor alleged any basis for attorney fees. After a hearing, the trial court, in a letter opinion, determined that plaintiffs' conduct did not

---

[1] The trial court entered a general judgment dated August 18, 2009, and a corrected general judgment dated December 30, 2009 (2009 general judgments).

violate the noncompetition provision and therefore denied defendant's motion to hold plaintiffs in contempt. The court requested that counsel prepare a proposed judgment. Counsel for both sides submitted proposed judgments.

In their proposed form of judgment, plaintiffs proposed language that asserted, for the first time, an entitlement to attorney fees. Plaintiffs' proposed judgment stated that "[p]laintiffs shall be entitled to costs and attorneys fees incurred in conjunction with this proceeding," but did not cite any authority for that entitlement. Defendant submitted written objections to plaintiffs' proposed judgment and submitted a proposed judgment that did not include language authorizing an award of attorney fees to plaintiffs. The trial court entered plaintiffs' proposed form of judgment.

Plaintiffs then filed a statement for attorney fees in the amount of $115,980.50. Defendant again objected, arguing that plaintiffs did not allege a right to attorney fees as required by ORCP 68 C(2), there was no authority for the recovery of attorney fees, and the amount of fees requested was unreasonable. Without holding a hearing on plaintiffs' attorney fee petition, the trial court entered plaintiffs' proposed judgment awarding plaintiffs the full amount of attorney fees requested, $115,980. The trial court's supplemental judgment did not explain why plaintiffs were entitled to attorney fees or why the court rejected defendant's objections regarding plaintiffs' entitlement to fees and the amount of attorney fees awarded.

On appeal, defendant argues that the trial court erred in ruling that plaintiffs were entitled to attorney fees, because plaintiffs failed to allege entitlement to attorney fees in a pleading or motion, as required by ORCP 68 C(2), or otherwise notify defendant that they would be seeking attorney fees, and to allege the facts, statute, or rule that provides a basis for that entitlement. Plaintiffs respond that ORCP 68 C(2) does not apply to this case because plaintiffs did not file a pleading or seek "judgment or dismissal by motion." Plaintiffs contend that they are entitled to attorney fees under

ORS 20.096(1), because the trial court interpreted the non-competition provision in their favor.[2] Defendant replies that ORS 20.096(1) applies to actions on a contract, and not in a remedial contempt proceeding under ORS 33.055, concerning a judgment on a petition to confirm an arbitration decision. Defendant contends further that, even if ORS 20.096(1) applies, plaintiffs are raising that argument for the first time on appeal, and therefore are still precluded from an attorney fees award under ORCP 68 C(2).

We review a trial court's allowance or denial of attorney fees for errors of law. *Rymer v. Zwingli*, 240 Or App 687, 691, 247 P3d 1246, *rev den*, 350 Or 716 (2011). ORCP 68 governs the pleading, proof and award of attorney fees in all cases, with two exceptions that do not apply in this case. ORCP 68 C(1). ORCP 68 applies to attorney fee awards in contempt proceedings. *See, e.g.*, *Nguyen v. McGraw*, 210 Or App 192, 149 P3d 1273 (2006) (reversing judgment for attorney fees in a contempt proceeding when trial court entered an order in violation of ORCP 68 C(2)(a)).

ORCP 68 C(2) provides that attorney fees shall not be awarded unless a party alleges the right to those fees in a pleading or motion and identifies a basis for that entitlement.[3] ORCP 68 C(2); *Mulier v. Johnson*, 332 Or 344, 350, 29

---

[2] ORS 20.096(1) provides:

"In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract."

Paragraph 17.6 of the parties' franchise agreement provided that plaintiffs agreed "to pay all costs and expenses (including reasonable attorneys' fees) incurred by [defendant] in connection with the enforcement of this Section 17."

[3] ORCP 68 C(2) provides, in relevant part:

"(a) A party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection.

"(b) If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading."

P3d 1104 (2001) (holding that the ORCP 68 C(2) requirement to allege the right to attorney fees in a pleading or in a motion is mandatory). In *Mulier*, the Supreme Court reversed an award of attorney fees to a party who requested fees in a memorandum accompanying a motion for summary judgment but not in the motion itself. *Id.* at 347. The court held that a memorandum is not a motion, and therefore the party's request for attorney fees did not satisfy ORCP 68 C(2)(b). *Id.* at 351. In *Parrott v. Orlova*, 241 Or App 653, 655, 250 P3d 973 (2011), we reversed an award of attorney fees where the defendant first moved for attorney fees after the court ruled in the defendant's favor, holding that the "plaintiffs were not sufficiently on notice that attorney fees would be requested." *See also Swartsley v. Cal-Western Reconveyance Corp.*, 212 Or App 365, 367-68, 157 P3d 1260 (2007) (reversing an award of attorney fees where the defendant first identified a trust deed as the basis for attorney fees *after* summary judgment was entered in his favor).

Here, it is undisputed that plaintiffs failed to assert an entitlement to attorney fees in the original pleadings.[4] Instead, plaintiffs waited until after the trial court had ruled that plaintiffs were not in contempt, and then, for the first time, asserted an entitlement to attorney fees in their proposed form of judgment.[5] Plaintiffs failed to comply with ORCP 68 C(2), because a proposed form of judgment is not a pleading or a motion, and plaintiffs presented no facts, statute, or rule that provides a basis for the award of such fees. Therefore, we conclude that the trial court lacked authority to award attorney fees to plaintiffs.

---

[4] Plaintiffs argue that ORCP 68 C(2) does not apply *unless* they file a pleading or motion, and they did not file either. We disagree. ORCP 68 C(2) precludes attorney fees unless a party alleges an entitlement to attorney fees in a pleading or motion. As defendant notes, a party opposing a contempt charge can file a pleading to plead the right to attorney fees and the facts, statute, or a rule supporting that right.

[5] Plaintiffs contend that they were not entitled to attorney fees until that point, because by interpreting a provision of the parties' franchise agreements, the court triggered the reciprocal attorney fee statute, ORS 20.096(1). However, ORCP 68 C(2)(a) expressly provides that attorney fees "may be sought before the substantive right to recover such fees accrues." Parties must provide notice to opposing parties of their intent to seek attorney fees. *See Parrott*, 241 Or App at 655; *Swartsley*, 212 Or App at 367-68.

Because we conclude that the trial court had no authority to award attorney fees to plaintiffs in this contempt proceeding, we need not address defendant's second assignment of error.

Award of attorney fees in general and supplemental judgments reversed; otherwise affirmed.