Argued and submitted December 17, 2021, affirmed January 12, 2022

Gene ALBRECHT,
an individual;
James Dunn, an individual; and
Eastmoreland Racquet Club Estates
Homeowners' Association, Inc., an
Oregon domestic nonprofit corporation,
*Plaintiffs-Appellants,*

*v.*

Terry W. EMMERT,
an individual;
Courts Connection, LLC,
an Oregon domestic limited liability company;
Delta Development Company,
an Oregon domestic limited liability company;
Portland City United Soccer Club, Inc.,
an Oregon domestic nonprofit corporation;
Portland Futsal, LLC,
an Oregon domestic liability company;
and City of Portland,
a municipal corporation of the State of Oregon,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV31745; A174289

505 P3d 492

Plaintiffs appeal from a supplemental judgment denying their post-judgment motion for an award of attorney fees based on ORS 20.105, in which plaintiffs asserted that defendants had no objectively reasonable basis to have denied plaintiffs' claims. The trial court denied the motion because plaintiffs had failed to comply with the pleading, timing, and documentation requirements of ORCP 68. On appeal, plaintiffs assert that fees under ORS 20.105, awarded as a sanction, should be regarded as fees awarded by order so as to be exempt from the requirements of ORCP 68 under ORCP 68 C(1)(b). Alternatively, plaintiffs argue that their motion complied with ORCP 68. *Held*: Existing case law applying ORCP 68 to claims for attorney fees under ORS 20.105 was not plainly wrong when decided, and the trial court did not err in applying ORCP 68. Further, the trial court did not err in determining that plaintiffs' pleading and motion failed to comply with ORCP 68 where plaintiffs failed to avail themselves of the opportunity to plead their entitlement to attorney fees under ORS 20.105 in their reply or by an amendment of their complaint.

Affirmed.

Katharine von Ter Stegge, Judge.

Christopher P. Koback argued the cause for appellants. Also on the briefs was Hathaway Larson, LLP.

Geoffrey B. Silverman argued the cause for respondents Terry W. Emmert and Courts Connections, LLC. Also on the brief was The Law Office of Geoffrey B. Silverman, LLC.

Denis M. Vannier argued the cause and filed the brief for respondent City of Portland.

Travis W. Hall for respondent Delta Development Company adopted in whole the answering brief of respondent City of Portland.

Before DeHoog, Presiding Judge, and Mooney, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Plaintiffs appeal from a supplemental judgment denying their post-judgment motion for an award of attorney fees based on ORS 20.105.[1] The trial court denied the motion because plaintiffs had failed to comply with the pleading, timing, and documentation requirements of ORCP 68. Plaintiffs contend that the trial court erred, because ORCP 68 should not apply to the recovery of attorney fees under ORS 20.105 and that, if it does apply, their motion should be found to comply with ORCP 68. We conclude that the trial court did not err. Therefore, we affirm.

The material facts are procedural and undisputed. After prevailing in a series of local administrative proceedings, plaintiffs brought a proceeding in the trial court for declaratory and injunctive relief requiring defendants to comply with zoning regulations and restrictions on non-conforming uses. Defendants answered, denying plaintiffs' claims. Plaintiffs did not move to amend their complaint nor did plaintiffs' reply to defendants' answers assert entitlement to attorney fees under ORS 20.105 on the basis that defendants had no objectively reasonable basis for their denials or defenses. Plaintiffs prevailed on their claims.

Fifty-six days after entry of judgment, plaintiffs filed a motion for an award of attorney fees under ORS 20.105, asserting that defendants had no objectively reasonable basis to have denied plaintiffs' claims. Plaintiffs did not request a specific amount of fees, nor did they attach a statement of time, services, and fees reasonably incurred. Defendants objected. As noted, the trial court denied the motion for failure to comply with ORCP 68.

Because the question presented is a matter of construction of a statute and procedural rule, we review the question as a matter of law. *See Black v. Arizala*, 337 Or

---

[1] In relevant part, ORS 20.105(1) provides:

"In any civil action * * *, the court shall award reasonable attorney fees to a party against whom a claim [or] defense * * * is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim [or] defense * * *, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim [or] defense * * *."

250, 260-61, 95 P3d 1109 (2004) (construing ORCP under the same methodology as statutes).

On appeal, plaintiffs first assign error to the trial court's elemental decision to apply ORCP 68 to their claim for attorney fees under ORS 20.105. They contend that their claim is based on defendants' misconduct in denying plaintiffs' claims and asserting defenses that lacked an objectively reasonable basis within the meaning of ORS 20.105; that fee matters based on misconduct should be recognized as exempt from the procedural requirements of ORCP 68; and that plaintiffs did not need to comply with ORCP 68 to recover attorney fees under ORS 20.105. To explain, plaintiffs assert that ORCP 68 contains an exception, ORCP 68 C(1)(b), into which this case falls. To rebut, defendants stress the expansive statement that precedes that exception. ORCP 68 C(1) provides:

> "Notwithstanding Rule 1 A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees *in all cases*, regardless of the source of the right to recover such fees, *except* when:

> "C(1)(a)   attorney fees are claimed as damages arising prior to the action;

> "C(1)(b)   attorney fees are granted by order, rather than entered as part of a judgment;

> "C(1)(c)   a statute refers to this rule but provides for a procedure that varies from the procedure specified in this rule."

(Emphases added.)

To support their argument, plaintiffs rely on cases involving misconduct, in which attorney fees have been awarded by order, in support of their argument that fees under ORS 20.105 should be treated the same. *See, e.g.*, *Baker and Andrews*, 232 Or App 646, 654-59, 223 P3d 417 (2009) (fees awarded as sanction where the defendant had not pleaded a right to attorney fees under ORCP 68 C(2) but had asserted a right to sanctions under ORCP 17 for false certification). Plaintiffs assert that fees under ORS 20.105, awarded as a sanction, should be regarded as

fees awarded by order so as to be exempt under ORCP 68 C(1)(b).[2]

Defendants rely, as did the trial court, on our cases applying ORCP 68 to claims for attorney fees under ORS 20.105. *See Parrott v. Orlova*, 241 Or App 653, 655, 250 P3d 973 (2011) (because the defendant failed to plead any right to attorney fees or reliance on ORS 20.105 in her answer, ORCP 68 C(2)(a) proscribed an award of attorney fees); *Nguyen v. McGraw*, 210 Or App 192, 194-96, 149 P3d 1273 (2006) (in contempt proceeding, failure to allege a specific statutory basis as ORCP 68 requires precludes award of attorney fees under ORS 20.105); *Riddle v. Eugene Lodge No. 357*, 95 Or App 206, 217-18, 768 P2d 917 (1989) (trial court abused its discretion in refusing to allow amendment of pleading to assert right to attorney fees under ORS 20.105).

Plaintiffs reply that those cases should be reconsidered, because they did not engage in a statutory analysis under *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), and did not consider plaintiffs' theory that attorney fees awarded under ORS 20.105 should be treated as sanctions for misconduct, and therefore like orders under ORCP 68 C(1)(b). Plaintiffs, however, do not describe how an analysis under *PGE* and *Gaines* would alter the outcome in those cases.[3] And, plaintiffs do not develop an argument that those cases are plainly wrong. *See State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017). The Oregon Supreme Court has explained that

> "[t]he principle of *stare decisis* dictates that this court should assume that its fully considered prior cases are correctly decided. Put another way, the principle of *stare decisis* means that the party seeking to change a precedent

---

[2] Plaintiffs further their point with reference to the potential under ORS 20.105 that attorney fees could be awarded for violation of a court order. This case, however, does not involve violation of a court order and we do not address that scenario.

[3] In *Mastriano v. Board of Parole*, 342 Or 684, 692, 159 P3d 1151 (2007), the court observed that the fact that a prior decision predates *PGE* "provides no basis, in and of itself, to disregard its interpretation * * *." Of the cases noted, only *Riddle* predates *PGE*, while *Nguyen* and *Parrott* were decided in the *PGE* era.

must assume responsibility for affirmatively persuading us that we should abandon that precedent."

*Farmers Ins. Co. v. Mowry*, 350 Or 686, 692, 261 P3d 1 (2011) (internal quotation marks and alterations omitted).

In this case, plaintiffs do not argue that our precedents are plainly wrong by reason of subsequent legislation or more recent decisions from the Supreme Court. That leaves only the possible assertion that our precedents were wrong when decided. *See id.* at 694 (three bases for overruling precedent).

We reject the suggestion that our decisions were wrong when written. Our opinions construed ORS 20.105 or ORCP 68. They considered the "stringent requirements" of ORCP 68, *Nguyen*, 210 Or App at 195-96, and its "mandatory" requirements, *Parrott*, 241 Or App at 655. Whether expressly or implicitly, they recognized the broad statement of ORCP 68 C(1) that it "governs the pleading, proof, and award of attorney fees in *all* cases, regardless of the source of the right to recover such fees," (emphasis added), except for fees by orders, fees as damages, or fees explicitly governed by other procedures. ORCP 68 C(1); *see also TriMet v. Aizawa*, 277 Or App 504, 510 n 1, 371 P3d 1250 (2016), *aff'd*, 362 Or 1, 403 P3d 753 (2017) (discussing limited exceptions to ORCP 68); *Anderson v. Dry Cleaning To-Your-Door*, 249 Or App 104, 108, 275 P3d 181 (2012) ("ORCP 68 governs the pleading, proof and award of attorney fees in all cases, with two exceptions that do not apply in this case.").

We must conclude that plaintiffs have not demonstrated how, as described in *Civil*, our case law is "plainly wrong" in determining that ORCP 68 governs claims for attorney fees where an adversary's claims or defenses are objectively unreasonable. We reject plaintiffs' first assignment of error.

In their second assignment, plaintiffs contend that their motion complied with ORCP 68. However, plaintiffs failed to avail themselves of the opportunity to plead entitlement to attorney fees under ORS 20.105 in their reply to defendants' answers or by an amendment of their complaint.

*See* ORCP 68 C(2)(b) (requiring allegation of entitlement in motion or response to motion).

Accordingly, the trial court did not err in applying ORCP 68 and determining that plaintiffs' pleading and motion failed to comply with the rule.

Affirmed.