172 December 31, 2025 No. 1137

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

David RORVIK,
as Trustee on behalf of Proteus Pension Plan & Trust,
*Plaintiff-Respondent,*

*v.*

PELECANUS, LLC;
Nancy Duck; Charles Duck, Sr.; and all other occupants,
*Defendants-Appellants.*

Clackamas County Circuit Court
21LT01545; A180436

Susie L. Norby, Judge.

Argued and submitted January 10, 2025.

Blaine Clooten argued the cause for appellants. On the brief were Brownstein Rask LLP and Charles R. Markley.

Brian T. Kiolbasa argued the cause for respondent. Also on the brief was Lane Powell PC.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Defendants appeal from an order and supplemental judgment denying their motion for attorney fees. The trial court concluded that defendants had failed to comply with the requirements of ORCP 68 by not stating a basis for a right to attorney fees in their answer, and therefore denied the motion for fees. Defendants appeal, asserting that their original pleading was sufficient, that ORCP 12 B requires the court to disregard any error in the original answer, and that the court already granted defendants leave to amend the answer specifically to more clearly allege the right to attorney fees. We reverse and remand.

A recitation of the complex history of this litigation would not serve the parties, the bar, or the bench, and we thus recite only those facts necessary to explain our resolution of the attorney fee matter. Plaintiff initially brought this action as a forcible entry and detainer (FED) action to evict defendants from the subject property following a foreclosure sale. In their answer, defendants raised a number of affirmative defenses and included a general prayer for "judgment dismissing Plaintiff's claims and for Defendants' costs, disbursements and reasonable attorney fees if applicable." The answer did not include a statement of the basis for an attorney fee award, as required by ORCP 68 C(2)(a), which provides, in part:

> "A party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party. *** No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph[.]"

Resolution of the parties' dispute ultimately turned on the validity of the foreclosure sale, which was in question due to legislation that placed limitations on foreclosures during the COVID-19 pandemic. The parties agreed that if the court were to conclude that the foreclosure sale was invalid, that conclusion would require the court to deny plaintiff's motion for summary judgment and would require plaintiff's complaint to be dismissed.

Following a hearing and briefing, the trial court issued a letter opinion in defendants' favor on the merits

on February 23, 2022. On March 4, 2022, prior to the court entering an order on the merits of the matter, defendants filed a motion to amend their answer, in order to more clearly allege their right to attorney fees. On March 29, 2022, the judge who ruled on the merits of the foreclosure sale entered an order denying plaintiff's motion for summary judgment, noting that the foreclosure sale supporting plaintiff's claim for possession of the subject property was void. On April 11, 2022, a different judge held a hearing on defendants' motion to amend their answer and granted the motion, concluding that there was no prejudice to plaintiff in allowing the amendment. Defendants' amended answer asserted an entitlement to attorney fees pursuant to ORS 90.255 and the promissory note between the parties. On May 2, 2022, the court issued a general judgment of dismissal, based on plaintiff's notice of voluntary dismissal of the action.

Defendants filed a motion for attorney fees, which plaintiff opposed both on the basis of failure to comply with ORCP 68 and on the merits. Following a hearing before yet another judge, the trial court denied the motion for fees based on defendants' failure to comply with ORCP 68, noting that defendants did not plead a right to attorney fees with specificity in the earliest pleading. The court entered an order and supplemental judgment denying defendants' motion for attorney fees. Defendants appealed.

On appeal, defendants assert that the original answer was sufficient to establish a right to attorney fees, and that, in any case, the amended answer adequately pleaded a right to attorney fees. Plaintiff maintains that the trial court did not err in denying defendants' motion for attorney fees. We review a trial court's allowance or denial of attorney fees for errors of law. *Anderson v. Dry Cleaning To-Your-Door*, 249 Or App 104, 108, 275 P3d 181 (2012).

ORCP 68 C(2) provides that attorney fees shall not be awarded unless a party alleges the right to those fees in a pleading or motion and identifies a basis for that entitlement. That requirement is mandatory. *Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001).

In denying defendants' motion for attorney fees, the trial court stated:

> "Implicit in the ORCP 68 C(a) & (b) requirements is an expectation that the specificity of any attorney fee request must be articulated in the earliest pleading that a party files, whether that is an Answer, a Motion, or a Motion Response. While it is conceivable that a subsequently plead[ed] rule-compliant right to attorney fees could give rise to court authority to award them, it is inconceivable that such belated rule-compliance can be effective without a stipulation by both parties, and when it is not initiated until after the case has been resolved on its merits. This violates the foundational pillar of due process, which requires notice to any opposing party of the risks posed by claims asserted."

The court concluded that "defendants failed to comply with the ORCP 68 requirement for pleading a right to attorney fees with specificity in the [party's] earliest pleading," and therefore denied fees.

However, the trial judge that presided over defendants' motion to amend their answer concluded that the amendment should be allowed because there was no material prejudice to plaintiff in allowing the amendment. Plaintiff has not sought review of that order or cross-assigned error to that ruling, and the court did not reconsider or otherwise revisit that ruling by the prior judge. The effect of filing an amended pleading, with permission of the court, is to supersede the original pleading. *Balboa Apartments v. Patrick*, 351 Or 205, 212, 263 P3d 1011 (2011); *Wright v. Turner*, 253 Or App 18, 28, 289 P3d 309 (2012), *rev'd on other grounds*, 354 Or 815, 322 P3d 476 (2014) (holding that the defendant's original answer "had no continuing effect" when it had been amended with leave of the court); *see also Gafur v. Legacy Good Samaritan Hospital*, 213 Or App 343, 347, 161 P3d 319 (2007), *rev'd in part on other grounds*, 344 Or 525, 185 P3d 446 (2008) (concluding that the trial court did not err in ignoring claims asserted in an amended complaint that was filed without leave of the court). Once the amended answer was filed with the court's permission, it was the controlling pleading that the court should have used to assess compliance with ORCP 68 and defendants' entitlement to attorney fees.

The court's statement that an attorney fee request "must be articulated in the earliest pleading that a party files" and that it was inconceivable that a subsequent pleading adding an entitlement to attorney fees could be effective after the case has been resolved on the merits absent a stipulation by both parties is contrary to current case law. *See Perma Treat, Inc. v. Toma Investments, LLC*, 344 Or App 725, 742-45, ___ P3d ___ (2025) (concluding that the trial court did not abuse its discretion in granting the defendant's motion to amend its pleading late in the litigation in order to plead a basis for an attorney fee award, and affirming the award of attorney fees based on the amended pleading); *Htaike v. Sein*, 269 Or App 284, 299, 344 P3d 527, *rev den*, 357 Or 595 (2015) (noting that it was not unprecedented to allow a party to amend its pleading after trial to assert a basis for attorney fees, and observing that "ORCP 23, which requires that leave to amend be freely given when justice requires, 'extends to a motion to amend a pleading to assert an entitlement to attorney fees under ORCP 68 C where the amendment is allowed before entry of final judgment and the defendant has not been prejudiced'") (quoting *Crandon Capital Partners v. Shelk*, 219 Or App 16, 41, 181 P3d 773, *rev den*, 345 Or 158 (2008)); *Benj. Franklin Fed. Savings and Loan v. Phillips*, 88 Or App 354, 355, 745 P2d 437 (1987) (noting that the plaintiff's original complaint did not comply with the requirements of ORCP 68 C and that the plaintiff's timing in pleading its entitlement to fees was "not to be commended," but ultimately concluding that "there is nothing in [ORCP 68 C] to suggest that an amendment to comply with the rule is precluded" and affirming the award of attorney fees based on the amended complaint).

Because we conclude that the trial court erred in failing to use the amended answer in assessing defendants' entitlement to attorney fees, we need not reach defendants' arguments regarding the sufficiency of the original answer. We offer no opinion on defendants' entitlement to attorney fees on the merits of the bases alleged in the amended complaint.

Reversed and remanded.